**In the Matter of Larry Eugene & Tanya Leigh FIX, Debtors.**

**Ronald SANCHEZ, Trustee, Plaintiff,**

**v.**

**FIRST NATIONAL BANK IN MORRILL, Defendant.**

**Bankruptcy No. BK93–40122.
Adv. No. A93–4098.**

United States Bankruptcy Court,
D. Nebraska.

Aug. 23, 1994.

Ronald L. Sanchez, North Platte, NE, for trustee.

G. Kirk Meade, Scottsbluff, NE, for First National Bank of Morrill, Neb.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This adversary proceeding is before the court upon the Trustee's Motion for Summary Judgment and the Resistance by First National Bank of Morrill. I conclude that summary judgment should be entered in favor of the trustee.

### FACTS

The relevant facts are undisputed. The Chapter 7 bankruptcy trustee seeks to avoid an allegedly unperfected security interest held by First National Bank of Morrill ("Bank") in three motor vehicles owned by the debtors, a 1982 Cadillac Seville, a 1979 Ford Bronco, and a 1957 Ford Ranchero. The Bank asserts that its security interest in the vehicles is perfected by a duly filed Uniform Commercial Code financing statement which covers debtors' inventory. The debtors are in the business of repairing and refurbishing motor vehicles which are then sold through a licensed dealer, however the debtors are not themselves licensed dealers.

The security interest of the Bank is not noted on the certificates of title to the three vehicles in question. The trustee asserts that the failure of the Bank to note its lien on the certificates of title renders the lien of the Bank unperfected, and therefore avoidable under § 544 of the Bankruptcy Code.

### DISCUSSION

Neb.Rev.Stat. § 60–110 (Reissue 1988) requires liens to be noted on motor vehicle certificates of title except:

> [D]uring any period in which a motor vehicle is inventory, as defined in subdivision (4) of section 9–109, Uniform Commercial Code, held for sale by *a person or corporation that is licensed* as provided in Chapter 60, article 14, and is in the business of selling motor vehicles, the filing provisions of article 9, Uniform Commercial Code, as applied to inventory, shall apply to a security interest in such motor vehicles *created by such person or corporation* as debtor without the notation of lien on the instrument of title.

Neb.Rev.Stat. § 60–110 (Reissue 1988) (Emphasis added).

The Bank contends that its lien did not have to be noted on the vehicles' certificates of title. The Bank argues that since the debtors were in the business of refurbishing vehicles for purposes of sale, the vehicles constitute inventory under § 9–109 of the Uniform Commercial Code ("UCC"). The Bank then asserts that since the debtors sold vehicles only through a licensed dealer, and on the date of bankruptcy at least one of the vehicles was in the possession of the licensed dealer, the Bank's security interest was perfected through the filing of a UCC financing statement.

Even if we assume *arguendo* that all three of the subject vehicles were in possession of a licensed dealer on the date that this bankruptcy petition was filed, the Bank would not be duly perfected through its UCC financing statement. The exception to the lien notation requirements of § 60–110 is narrow. The UCC financing statement filing

requirements apply to the exclusion of the certificate of title notation requirement, only if three conditions are met: 1) the vehicles must be inventory; 2) the vehicles must be in the possession of a licensed dealer; and 3) the creditor holding the lien must be a creditor of the licensed dealer. Only if these conditions are met may a creditor of the dealer perfect its interest in a motor vehicle through a UCC filing without noting its lien on the certificate of title.

In the instant case, the three motor vehicles were owned by the debtors, Mr. and Mrs. Fix, neither of whom are licensed automobile dealers. The Bank is a creditor of the debtors, Mr. and Mrs. Fix, and not a creditor of the dealer in possession of the vehicle and through which all vehicles were sold. Since requirements of the exception § 60–110 are not met, the lien of the Bank could be perfected only through notation on the certificates of title.

The Bank argues that the court can, in some fashion, conceptually consolidate the position of the debtors and the dealer to conclude that since vehicles were sold by the debtors only through a licensed dealer, the exception of § 60–110 applies. I disagree. The exception of § 60–110 should be narrowly construed to provide certainty in motor vehicle transactions. If one is dealing with a licensed motor vehicle dealer, that fact is readily ascertained through the relevant licensing provisions. A UCC search can thus determine whether creditors hold a security interest in the vehicle inventory of the dealer. This facilitates commercial transactions. On the other hand, when one deals with a person or entity which is not a licensed dealer, one may determine whether there are liens or encumbrances on the motor vehicle by looking at the certificate of title. If the Bank were deemed perfected on the facts of this case, uncertainty would be created as to whether a UCC search is necessary when purchasing a vehicle from a non-dealer.

The carefully drafted statutory scheme as evidenced by § 60–110 and its UCC counterparts, § 9–109 and § 9–307, suggests a strict reading of § 60–110. I therefore conclude that since Mr. Fix is not a licensed dealer, the vehicles which he owns are subject only to liens duly noted on the certificates of title. The lien of First National Bank of Morrill was not perfected on the day the bankruptcy petition was filed by notation on the certificates of title, and therefore the lien of the Bank is avoidable pursuant to § 544 of the Bankruptcy Code.

Under § 544(a) of the Bankruptcy Code, the Chapter 7 trustee is given the status of a hypothetical levying creditor who obtained an attachment lien on the date of bankruptcy in all property of the bankruptcy estate. Thus, pursuant to § 544(a), Mr. Sanchez, as trustee, has the rights of a lien creditor under Nebraska law. Under U.C.C. § 9–301(b), an unperfected security interest is subject to and subordinate to the rights of a lien creditor. Furthermore, under § 60–110, a lien which is not noted on a certificate of title is unperfected and invalid against a lienholder unless the exception for creditors of a licensed dealer is met. Neb.Rev.Stat. § 60–110 (Reissue 1988). Since the unperfected lien of the Bank is subordinate to the interest of the trustee, the interest of the Bank is avoidable by the trustee under § 544. I therefore conclude that summary judgment should be entered in favor of the Chapter 7 trustee.

A separate order will be entered granting summary judgment in favor of the trustee and the lien of the Bank will be avoided under § 550.